## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

APRIL MAGOLON,                              :
                                           :
              Plaintiff,                   :    CIVIL ACTION
                                           :
    v.                                     :
                                           :
WALT DISNEY PARKS AND RESORTS,  :    CASE NO.
LLC,                                       :
                                           :
              Defendant.                   :
                                           :

## NOTICE OF REMOVAL

Defendant Walt Disney Parks and Resorts, LLC (now known as Disney Destinations, LLC) ("Defendant"), by and through its counsel, Drinker Biddle & Reath LLP, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this notice, Defendant states:

1.      On or about December 30, 2009, plaintiff April Magolon ("Plaintiff") commenced an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, entitled Magolon v. Walt Disney Parks and Resorts, LLC, bearing Civil Action No. 3320, by filing a Praecipe To Issue Writ Of Summons (the "Praecipe"). Defendant received a copy of the Praecipe and Plaintiff's Civil Cover Sheet on January 8, 2010. On March 12, 2010, Defendant received a copy of a Scheduling Order. On May 3, 2010, Defendant received a copy of a second Scheduling Order. On June 3, 2010, Defendant received a copy of a third Scheduling Order. On June 29, 2010, Defendant received a Rule and Order to Show Cause. On July 15, 2010, Defendant obtained a copy of Plaintiff's Complaint and Notice to Defend. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the foregoing documents are attached as exhibits as

follows: Exhibit A—the Praecipe and Plaintiff's Civil Cover Sheet; Exhibit B—the three Scheduling Orders; Exhibit C—the Rule and Order to Show Cause; and Exhibit D—Plaintiff's Complaint and Notice to Defend.  Exhibits A through D constitute all of the process, pleadings and orders received by Defendant.  Defendant is not aware of any other pleadings or orders filed in this action.

2.      Plaintiff's Complaint contains claims against the defendant for negligence, negligent infliction of emotional distress, battery, and intentional infliction of emotional distress and seeks, among other things, compensatory damages and punitive damages.

## JURISDICTION AND VENUE

3.      This action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This action, therefore, may be removed to this court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30 days of Defendant's receipt of Plaintiffs' Complaint.  Venue is proper in this Court under 28 U.S.C. § 1441(a) because the action is being removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, which is located in the Eastern District of Pennsylvania.  Removal of this case to this Court does not constitute a waiver by Defendant of its right to seek dismissal of this lawsuit or to transfer this case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404.  Moreover, removal of this lawsuit shall not subject Defendant or any later-joined defendant to jurisdiction in this state.

4.      Plaintiff is a citizen of Pennsylvania residing at 28 Erna Court, Upper Darby, Pennsylvania 19082.  Defendant is a corporation duly organized and existing under the laws of

the State of Florida and has its principal place of business in Florida. Therefore, diversity of citizenship exists.

5.      The Civil Cover Sheet filed by Plaintiff gave Plaintiff the option of indicating that the amount in controversy was either more than $50,000 or less than $50,000, and she indicated that the amount in controversy is more than $50,000. With respect to each of the four Counts in Plaintiff's Complaint, Plaintiff demands a sum in excess of $50,000 in compensatory damages. Plaintiff's Complaint alleges that Defendant's employee grabbed Plaintiff's breast and molested her while she was vacationing and that she has suffered, among other injuries, "severe physical injury, emotional anguish and distress including, but not limited to post-traumatic stress disorder, muscle contraction headaches, physical harm resulting from distress, including but not limited to acute anxiety, headaches, nausea, cold sweats, insomnia, nightmares, flashbacks, digestive problems" and that Plaintiff suffered "severe pains, mental anxiety and anguish, and a severe shock to her entire nervous system." The Complaint further alleges that Plaintiff "has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss." The Complaint further alleges that Plaintiff's injuries are permanent. The Complaint also seeks punitive damages. Therefore, the amount in controversy exceeds $75,000, exclusive of costs and interest.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant is, concurrently with the filing of this Notice of Removal, providing notice to Plaintiff and the Court of Common Pleas of Philadelphia County, Pennsylvania of Defendant's filing of this Notice of Removal with this Court.

WHEREFORE, Defendant respectfully removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated:  August 6, 2010

Frederick P. Marczyk
Attorney Identification No. 89878
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
Phone: (215) 988-2700
Fax:  (215) 988-2757
E-mail:  frederick.marczyk@dbr.com

Attorney for Defendant
Walt Disney Parks and Resorts, LLC
(now known as Disney Destinations, LLC)

## CERTIFICATE OF SERVICE

I hereby certify that I today served a copy of the foregoing Notice of Removal along with the exhibits thereto by first-class mail, postage prepaid, on:

Michael O. Pansini, Esq.
PANSINI & MEZROW
1525 Locust Street, 15th Floor
Philadelphia, Pennsylvania 19102

Counsel for Plaintiff

Dated:  August 6, 2010

Frederick P. Marczyk

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

**DECEMBER 2009**
E-Filing Number: 0912043743

**003320**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| APRIL MAGOLON | WALT DISNEY PARKS & RESORTS, LLC C/O CORPORATION SERVICE CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 28 ERNA COURT UPPER DARBY PA 19082 | 2704 COMMERCE DRIVE HARRISBURG PA 17110 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal  ☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☒ Jury  ☐ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

CASE TYPE AND CODE

2B - ASSAULT, BATTERY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY**  DEC 30 2009  J. MURPHY | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: APRIL MAGOLON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL O. PANSINI | PANSINI & MEZROW 1525 LOCUST ST 15TH FLOOR PHILADELPHIA PA 19102 |
| PHONE NUMBER: (215) 732-5555   FAX NUMBER: (215) 732-7872 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44455 | MPansini@Pansinilaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL PANSINI | Wednesday, December 30, 2009, 03:31 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

PANSINI & MEZROW
BY: MICHAEL O. PANSINI, ESQUIRE
I.D. #: 44455
1525 LOCUST STREET, 15TH FLOOR
PHILADELPHIA, PA 19102
215-732-5555

JURY TRIAL DEMANDED

Filed and attested by
PROTHONOTARY
30 Dec 2009 03:20 pm

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| APRIL MAGOLON | : COURT OF COMMON PLEAS |
| 28 Erna Court | : PHILADELPHIA COUNTY |
| Upper Darby, PA 19082 | : CIVIL ACTION |
| | : |
| v. | : TERM, 2009 |
| | : |
| WALT DISNEY PARKS AND RESORTS, LLC | : |
| c/o CORPORATION SERVICE COMPANY | : NO.: |
| 2704 Commerce Drive | : |
| Harrisburg, PA 17110 | : |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue Writ of Summons - Civil Action to the Defendant in the above-captioned

matter.

Respectfully submitted,

PANSINI & MEZROW

BY: /S/ MICHAEL O. PANSINI
   MICHAEL O. PANSINI, ESQUIRE
   Attorney for Plaintiff

DATED: December 30, 2009

Case ID: 091203320

CJPBF

# Commonwealth of Pennsylvania

**SUMMONS**
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

April Magolon
28 Erna Court
Upper Darby, PA 19082

**COURT OF COMMON PLEAS**

_____ Term, 20_____

No. _____

vs.

Walt Disney Parks and Resorts, LLC c/o
Corporation Service Company
2704 Commerce Drive, Harrisburg, PA 17110

To[1]

Walt Disney Parks and Resorts, LLC c/o
Corporation Service Company

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

April Magolon

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-708 (Rev. 5/00)

JOSEPH H. EVERS
*Prothonotary*



By _____

**091203320**
30 DEC 2009 03:31 pm
J MURPHY

Date _____

Case ID: 091203320

COURT OF COMMON PLEAS

_____ Term, 20 _____ No. _____

April Magolon
28 Erna Court
Upper Darby, PA 19082

vs.

Walt Disney Parks and Resorts, LLC c/o
Corporation Service Company
2704 Commerce Drive, Harrisburg, PA 17110

SUMMONS

Case ID: 091203320

RECEIVED

2010 JAN -7  PH 1:31

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101

# EXHIBIT B

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

WALT DISNEY PARKS & RESORTS, LLC C/O CORPORATION SERVICE CO.
2704 COMMERCE DRIVE
HARRISBURG, PA 17110

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320

### SCHEDULING ORDER

AND NOW, MARCH 09, 2010, it is hereby Ordered that:

1.  A Case Management Conference is scheduled on April 07,  2010,
at 11:00 A.M., in Courtroom 613, City Hall, Philadelphia, PA
19107.

2.  Counsel for Plaintiff is directed to serve a copy of the
Order on any unrepresented party or any attorney entering an
appearance subsequent to the issuance of this Order.  Attendance
by all counsel of record is mandatory.

3.  The Conference will be conducted by a Civil Case Manager  who
shall act on behalf of the Honorable JACQUELINE ALLEN.

4.  This case has been presumptively assigned to the MAJOR
JURY-EXPEDITED Case Management Track.  Accordingly, trial of this
case will occur on or shortly after 03-JAN-11.

5.  Within sixty (60) days of the commencement of the action ,
counsel for the plaintiff(s) and defendant(s) shall meet or
confer for an initial discovery conference, where the parties
shall make a good faith effort to agree upon a proposed discovery
plan as well as a proposed projected pretrial Court event
schedule.  If service of the Complaint is not effectuated within
sixty (60) days of commencement of the action, the parties shall
meet or confer for the initial discovery conference within thirty
(30) days of service thereof, provided that the discovery
conference is held prior to the scheduled Case Management
Conference.

SCHEDULING ORDER page 2

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320

6.  At the Case Management Conference, counsel  shall  present  a
mutually agreed upon discovery plan and proposed  pretrial  court
event schedule.   The discovery plan shall not alter or adjust the
projected trial date.  If the parties cannot agree on  a  jointly
submitted  discovery  plan  or  projected  pretrial  court  event
schedule, the court will impose one  at  the  conclusion  of  the
conference.   Counsel  must  also  be  prepared  to  address  all
relevant issues regarding venue, service of  process,  pleadings,
discovery, possible joinder of additional  parties,  theories  of
liability or defense and damages claimed.

7.  All applicable parts of the  enclosed  conference  management
memorandum shall be completed and brought to the conference.

8.  If the case settles prior to the conference, fax a notice  to
215-686-3709.  Questions concerning the Order  and  its  contents
shall be referred to 215-686-3710.

                    OFFICE OF CIVIL ADMINISTRATION



# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### TRIAL DIVISION—CIVIL
### DAY FORWARD/MAJOR JURY PROGRAM
### CASE MANAGEMENT CONFERENCE

---

## ADVICE TO COUNSEL

---

1.      Be sure to **fully** complete the Case Management Conference Memorandum **prior** to the Case Management Conference. Consult clients well in advance of the conference to obtain pertinent information to prepare the memorandum. When supplying information on injuries or damages, it is insufficient for plaintiff to state "unknown," "to be supplied," or "under investigation." In stating factual positions as to liability it is insufficient to use non-descriptive terms, such as "liability certain," "100% liability," or "clear liability."

2.      Bring enough copies of the Case Management Conference Memorandum to supply to <u>all</u> parties at the time of the Conference, as copies may not be made at the Center. Bring an extra copy or two, if possible.

3.      Be **fully** prepared to discuss issues relating to service of process, venue, pleadings, discovery, joinder of additional parties, theories of liability, damages, and applicable defenses. Parties are encouraged to discuss these issues amongst themselves prior to the conference when possible. **Participation from fully prepared and cooperative parties leads to a more productive and meaningful conference.**

4.      Conduct discovery as soon as practicable, even while awaiting disposition of preliminary objections. **The presumptive Day Forward discovery deadlines are calculated from the filing date of an action, not from the date of the Case Management Conference. The Pendency of Preliminary Objections does not stay discovery.** If a formal stay is necessary, the parties should petition the Court accordingly.

5.      Consider voluntarily transferring your case to the Compulsory Arbitration Program where appropriate. The Case Managers can generate a Praecipe to Transfer and schedule a hearing date for you. All cases having an amount in controversy, exclusive of interest and costs, of $50,000 and less (except cases involving title to real estate) shall be assigned to the Compulsory Arbitration Program. (See *Philadelphia County Rules*, Rule *1301). The Day Forward Team Leaders may *sua sponte* remand matters to the Compulsory Arbitration Program accordingly. (See Pa.R.C.P. 1021 (d)).

6.      Be mindful that the **Case Managers are acting on behalf of the Judicial Team Leaders** and are empowered to issue appropriate orders to enforce compliance with Day Forward Program procedures and applicable Rules of Civil Procedure. Any Rule to Show Cause entered will be returnable before the Day Forward Team Leader. (See *Philadelphia County Rules*, General Court Regulation No. 95-2).

7.      After you leave the Case Management Conference Center, carefully review the entire Case Management Order. **Be sure to promptly note all deadlines on your calendaring or tickler system.** You will receive notice from the Court of actual Settlement Conference and Pre-trial Conference dates and related instructions in due course.

8.      Motions for Extraordinary Relief seeking extension of deadlines must be filed **before** the expiration of the deadlines at issue.

9.      Please direct questions regarding Case Management, including scheduling or rescheduling of Case Management Conferences to the Case Management Conference Center at (215) 686-3710 or through facsimile at (215) 686-3709.

*Prepared by:*

Stanley Thompson, Esq.
Supervising Civil Case Manager

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

```
                    :
                    :
                    :
                    :
                    :
```

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: _____  By: _____, Esq.

Counsel's address and telephone number (**IMPORTANT**) _____

_____

_____

_____

### Part A
*(to be completed in personal injury cases)*

1.  Date of accident or occurrence: _____

    1(a).  Age of Plaintiff(s): _____

2.  Most serious injuries sustained: _____

    _____

3.  Is there any permanent injury claimed?                  ☐ Yes    ☐ No

    If yes, indicate the type of permanent injury: _____

    _____

4.  Dates of medical treatment: _____

5.  Is medical treatment continuing?                        ☐ Yes    ☐ No

6.  Has there been an inpatient hospitalization?            ☐ Yes    ☐ No

*This form shall be presented to the Case Manager and copies served upon all parties at
the Case Management Conference by counsel prepared to discuss its contents.*

01-105 (Rev. 10/89) (3)

7. Has there been any surgery?   ☐ Yes   ☐ No

If yes, indicate the type of surgery: _____

8. Approximate medical bills to date: $_____

Approximate medical bills recoverable in this case: $_____

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?   ☐ Yes   ☐ No

If yes, what type and approximate amount? _____

10. Time lost from work: _____

11. Approximate past lost wages: _____

12. Is there a claim for future lost earning capacity?   ☐ Yes   ☐ No

If yes, approximate future lost earning capacity: _____

13. Are there any related cases or claims pending?   ☐ Yes   ☐ No

If so, list caption(s) or other appropriate identifier: _____

_____

14. Do you anticipate joining additional parties?   ☐ Yes   ☐ No

15. Plaintiff's factual position as to liability: _____

_____

_____

16. Defense factual position as to liability: _____

_____

_____

17. Defense position as to causation of injuries alleged: _____

18. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:   ☐ Yes   ☐ No

19. Demand: $_____   Offer: $_____

01-105 (Rev. 10/99) (4)

## Part B

*(to be completed in all cases other than personal injury)*

1. Date of contract of transaction: _____

2. Is there a writing?                                              ☐ Yes    ☐ No

   If yes, is there an allegation that the writing does
   not contain the entire agreement of the parties?                 ☐ Yes    ☐ No

3. Is the Uniform Commercial Code applicable to this case?          ☐ Yes    ☐ No

4. Describe the nature of the conduct alleged as giving rise to the cause of action:

   _____

   _____

   _____

   _____

5. State the amount of damages claimed by Plaintiff:

   (a)  Direct _____

   (b)  Consequential _____

   (c)  Other (specify) _____

6. Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:

   _____

   _____

   _____

7. If there is a counterclaim, state the amount of damages sought:

   (a)  Direct _____

   (b)  Consequential _____

   (c)  Other (specify) _____

8. Identify all applicable insurance coverage:

   | *Defendant* | *Insurance Carrier* | *Coverage Limits* |
   |---|---|---|
   | | | |
   | | | |

9. Demand: $_____    Offer: $_____

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL


WALT DISNEY PARKS & RESORTS, LLC C/O CORPORATION SERVICE CO.
2704 COMMERCE DRIVE
HARRISBURG, PA 17110

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320

### SCHEDULING ORDER

AND NOW, APRIL 30, 2010, it is hereby Ordered that:

1.  A Case Management Conference is scheduled on June  07,  2010,
at 03:00 P.M., in Courtroom 613,  City  Hall,  Philadelphia,  PA
19107.

2.  Counsel for Plaintiff is directed to  serve  a  copy  of  the
Order on any unrepresented party  or  any  attorney  entering  an
appearance subsequent to the issuance of this Order.   Attendance
by all counsel of record is mandatory.

3.  The Conference will be conducted by a Civil Case Manager  who
shall act on behalf of the Honorable JACQUELINE ALLEN.

4.  This case has been presumptively assigned  to  the  MAJOR
JURY-EXPEDITED Case Management Track.  Accordingly, trial of this
case will occur on or shortly after 03-JAN-11.

5.  Within sixty (60) days of the commencement of  the  action  ,
counsel for the  plaintiff(s)  and  defendant(s)  shall  meet  or
confer for an initial discovery  conference,  where  the  parties
shall make a good faith effort to agree upon a proposed discovery
plan as  well  as  a  proposed  projected  pretrial  Court  event
schedule.  If service of the Complaint is not effectuated  within
sixty (60) days of commencement of the action, the parties  shall
meet or confer for the initial discovery conference within thirty
(30)  days  of  service  thereof,  provided  that  the  discovery
conference  is  held  prior  to  the  scheduled  Case  Management
Conference.

SCHEDULING ORDER page 2

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320


6.  At the Case Management Conference, counsel  shall  present  a
mutually agreed upon discovery plan and proposed  pretrial  court
event schedule.  The discovery plan shall not alter or adjust the
projected trial date.  If the parties cannot agree on  a  jointly
submitted  discovery  plan  or  projected  pretrial  court  event
schedule, the court will impose one  at  the  conclusion  of  the
conference.   Counsel  must  also  be  prepared  to  address  all
relevant issues regarding venue, service of  process,  pleadings,
discovery, possible joinder of additional  parties,  theories  of
liability or defense and damages claimed.

7.  All applicable parts of the  enclosed  conference  management
memorandum shall be completed and brought to the conference.

8.  If the case settles prior to the conference, fax a notice  to
215-686-3709.  Questions concerning the Order  and  its  contents
shall be referred to 215-686-3710.

    If you are receiving this notice electronically,  you  must
retrieve an important document associated  with  this  notice  by
copying and pasting the  following  web  address  into  your  web
browser or, if able, by clicking  the  link  below  to  view  the
related document(s).

http://www.courts.phila.gov/pdf/forms/civil/01-105-cmcm.pdf

                              OFFICE OF CIVIL ADMINISTRATION

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

WALT DISNEY PARKS & RESORTS, LLC C/O CORPORATION SERVICE CO.
2704 COMMERCE DRIVE
HARRISBURG, PA 17110

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320

## SCHEDULING ORDER

AND NOW, MAY 29, 2010, it is hereby Ordered that:

1. A Case Management Conference is scheduled on June 18, 2010,
at 11:00 A.M., in Courtroom 613, City Hall, Philadelphia, PA
19107.

2. Counsel for Plaintiff is directed to serve a copy of the
Order on any unrepresented party or any attorney entering an
appearance subsequent to the issuance of this Order. Attendance
by all counsel of record is mandatory.

3. The Conference will be conducted by a Civil Case Manager who
shall act on behalf of the Honorable JACQUELINE ALLEN.

4. This case has been presumptively assigned to the MAJOR
JURY-EXPEDITED Case Management Track. Accordingly, trial of this
case will occur on or shortly after 03-JAN-11.

5. Within sixty (60) days of the commencement of the action ,
counsel for the plaintiff(s) and defendant(s) shall meet or
confer for an initial discovery conference, where the parties
shall make a good faith effort to agree upon a proposed discovery
plan as well as a proposed projected pretrial Court event
schedule. If service of the Complaint is not effectuated within
sixty (60) days of commencement of the action, the parties shall
meet or confer for the initial discovery conference within thirty
(30) days of service thereof, provided that the discovery
conference is held prior to the scheduled Case Management
Conference.

SCHEDULING ORDER page 2

MAGOLON VS WALT DISNEY PARKS & RESORTS, LLC C/O CO
091203320

6.   At the Case Management Conference, counsel  shall  present  a
mutually agreed upon discovery plan and proposed  pretrial  court
event schedule.   The discovery plan shall not alter or adjust the
projected trial date.  If the parties cannot agree on  a  jointly
submitted  discovery  plan  or  projected  pretrial  court  event
schedule, the court will impose one  at  the  conclusion  of  the
conference.    Counsel  must  also  be  prepared  to  address  all
relevant  issues regarding venue, service of  process,  pleadings,
discovery, possible joinder of additional  parties,  theories  of
liability or defense and damages claimed.

7.   All applicable parts of the  enclosed  conference  management
memorandum shall be completed and brought to the conference.

8.   If the case settles prior to the conference, fax a notice  to
215-686-3709.  Questions concerning the Order  and  its  contents
shall be referred to 215-686-3710.

     If you are receiving this notice  electronically,   you  must
retrieve an important document associated with  this  notice  by
copying and pasting the  following  web  address  into  your  web
browser or, if able, by clicking  the  link  below  to  view  the
related document(s).

http://www.courts.phila.gov/pdf/forms/civil/01-105-cmcm.pdf

                              OFFICE OF CIVIL ADMINISTRATION

# EXHIBIT C



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION**

| | |
|---|---|
| *MAGOLON* | *December Term 2009* |
| *VS* | *No. 03320* |
| *WALT DISNEY PARKS & RESORTS, LLC C/O CO* | |

## *ORDER and RULE*

*AND NOW*, Tuesday, June 29, 2010, the plaintiff is directed to timely prosecute the above captioned matter by filing a Complaint.

A Rule is entered upon plaintiff to Show Cause why the matter should not be non prossed. The Rule is Returnable before the Day Forward Team Leader on 29-JUL-2010, at 10:00 AM, in CITY HALL COURTROOM 480, Philadelphia, Pennsylvania.

All counsel must appear unless the case is settled or withdrawn, in which case counsel is directed to notify the court immediately in writing.

If a complaint is filed and service effected prior to the Rule Returnable date, counsels' appearance is for the purpose of conducting a case management conference.

*BY THE COURT:*

*ALLEN, JACQUELINE F.,   J.*

PTS97761(REV 5/05)

**DOCKETED**

JUN 29 20'

**PAUL SALTER**

# EXHIBIT D

**PANSINI & MEZROW**
**BY: MICHAEL O. PANSINI, ESQUIRE**
**I.D. #: 44455**
**1525 LOCUST STREET, 15TH FLOOR**
**PHILADELPHIA, PA 19102**
**215-732-5555**

**JURY TRIAL DEMANDED**

Filed and Attested by
PROTHONOTARY

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **APRIL MAGOLON** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **DECEMBER TERM, 2009** |
| | : | |
| **WALT DISNEY PARKS AND RESORTS, LLC** | : | **NO.: 3320** |

## CIVIL ACTION - COMPLAINT - NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licenceados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 091203320

## CIVIL ACTION - COMPLAINT

1.      Plaintiff, **APRIL MAGOLON,** is an adult individual residing at 28 Erna Court, Upper Darby, Pa 19082.

2.      Defendant, **WALT DISNEY PARKS AND RESORTS, LLC,** is a Domestic and/or Foreign Corporation, with offices for the acceptance of service of process at 2704 Commerce Drive, Harrisburg, PA 17110. At all times relevant hereto, said Defendant has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

3      At all times material hereto, the Defendant, **WALT DISNEY PARKS AND RESORTS, LLC,** was acting through its respective agents (actual, apparent or ostensible), servants and/or employees, acting in the course of their employment and within the scope of their authority with the said Defendant and in furtherance of said Defendant's business, employed, trained, managed, serviced, controlled, and supervised the person hereinafter described whose culpable conduct was a cause of the injuries sustained by Plaintiff, **APRIL MAGOLON.**

4.      At all times material hereto, the Defendant, **WALT DISNEY PARKS AND RESORTS, LLC,** acted as the agent (actual, apparent or ostensible) of Walt Disney World Co. and Walt Disney Parks and Resorts, U.S. Inc.

5.      On or about May 20, 2008, the Plaintiff, **APRIL MAGOLON,** was an invitee and guest on the premises of the Defendant's resort known as Epcot Center in Florida which said premises and facilities was owned, operated, managed, controlled and/or supervised by the Defendant.

6.      Plaintiff, **APRIL MAGOLON,** was accompanied by her young children and her

fiance.

7.     On the aforesaid date, while holding one of her children in her arms, Plaintiff, **APRIL MAGOLON**, approached one of the Defendant's agents, servants, workmen and/or employees who was dressed in a Donald Duck costume in order to obtain an autograph.

8.     The agent, servant, workman and/or employee of Defendant dressed as Donald Duck proceeded to grab Plaintiff, **APRIL MAGOLON**'s breast and molest her and then made gestures making a joke indicating he had done something wrong.

9.     This incident is one of a long line of continuing, long standing, similar prior incidents that have occurred on Defendant's various resort premises which were caused by its agents, servants, workmen and/or employees and which incidents were condoned by the Defendant.

10.    Authorities in Florida received 24 more complaints in the week since a Walt Disney World employee was charged with molesting a 13-year-old girl and her mother while dressed as the character "Tigger" in 2004.

11.    Numerous of those cases were deemed credible enough to be investigated by the Orange County Sheriff's Office.

12.    One of Defendant's employees, Michael Chartrand, was arrested and charged with one count of lewd and lascivious molestation of a child and one count of simple battery.

13.    In that case the sheriff's office received a complaint that the costumed character had touched the girl and her mother inappropriately while their pictures were being taken.

14.    According to an incident report, Chartrand fondled the breasts of the girl and

the mother while posing for pictures at the Magic Kingdom's Toon Town.

15.    Despite knowledge of these continuing, long standing, similar prior incidents, the Defendant failed to act to ensure the incidents would cease in reckless disregard for the safety and welfare of its invitees, customers, and patrons.

16.    Upon information and belief, at all times relevant hereto, the Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, has engaged in a practice of placing corporate profits over public safety while attempting to cover up continuing, long standing, similar prior incidents through its refusal to take affirmative steps to ensure that they immediately ceased.

17.    As a result of the aforesaid, Plaintiff, **APRIL MAGOLON**, has suffered severe physical injury, emotional anguish and distress including, but not limited to post-traumatic stress disorder, muscle contraction headaches, physical harm resulting from distress, including, but not limited to acute anxiety, headaches, nausea, cold sweats, insomnia, nightmares, flashbacks, digestive problems and exacerbation of the physical injuries and other severe emotional injuries. The Plaintiff, **APRIL MAGOLON,** suffered injuries of an unknown nature; she suffered severe pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known. She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. The Plaintiff, **APRIL MAGOLON,** believes and therefore avers that her injuries are permanent in nature.

18.    As a result of the aforesaid, the Plaintiff, **APRIL MAGOLON,** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of

money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

19. As a result of the aforesaid, the Plaintiff, **APRIL MAGOLON,** has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

20. As a result of the aforesaid, the Plaintiff, **APRIL MAGOLON**, has suffered physical pain, emotional pain, mental anguish and humiliation and she may continue to suffer same for an indefinite period of time in the future.

21. As a result of the aforesaid, the Plaintiff, **APRIL MAGOLON,** was forced to expend large sums of money for a ruined vacation.

### COUNT I
### NEGLIGENCE

22. The above averments are incorporated herein and made a part hereof as if set forth at length.

23. At all times material hereto, Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, acted in a careless, reckless and/or negligent manner.

24. At all times material hereto, Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, acted in reckless disregard for the safety and welfare of its patrons, including Plaintiff, **APRIL MAGOLON**.

25. The carelessness, negligence and/or recklessness of the Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, consisted of the following:

      a.    negligently inflicting emotional distress upon Plaintiff, **APRIL MAGOLON;**

      b.    committing a physically menacing act which put Plaintiff, **APRIL**

**MAGOLON**, in fear of immediate bodily injury and humiliation;

c.   ·   terrorizing Plaintiff, **APRIL MAGOLON**,

d.   creating a fear of immediate harm in Plaintiff, **APRIL MAGOLON**;

26.   As a result of the aforesaid, Plaintiff, **APRIL MAGOLON**, has suffered injuries and damages as set forth length in the preceding paragraphs.

**WHEREFORE**, Plaintiff, **APRIL MAGOLON**, demands damages of the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interest, and other damages permitted by law.

### COUNT II
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.   The averments of the preceding paragraphs are incorporated herein and made a part hereof.

28.   It was reasonably foreseeable that the conduct of Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, described in the foregoing paragraphs of this complaint by and through its agents, servants and/or employees, would put Plaintiff, **APRIL MAGOLON**, in fear of imminent bodily injury and humiliation causing severe emotional distress.

29.   As a result of the aforesaid, Plaintiff, **APRIL MAGOLON**, has suffered injuries and damages as set forth length in the preceding paragraphs.

**WHEREFORE**, Plaintiff, **APRIL MAGOLON**, demands damages of the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interest, and other damages permitted by law.

Case ID: 091203320

## COUNT III
## BATTERY

30.     The averments of the preceding  paragraphs are incorporated herein and made a part hereof.

31.     In the alternative and pursuant to Pennsylvania Rule of Civil Procedure 1020(d), the conduct by Defendant, **WALT DISNEY PARKS AND RESORTS, LLC**, by and through its agents, servants and/or employees, upon Plaintiff, **APRIL MAGOLON,** constituted a battery.

32.     As a result of the aforesaid, Plaintiff, **APRIL MAGOLON**, has suffered injuries and damages as set forth length in the preceding paragraphs.

**WHEREFORE**, Plaintiff, **APRIL MAGOLON,** demands damages of the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interest, and other damages permitted by law.

## COUNT IV
## INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

33.     The averments of the preceding  paragraphs are incorporated herein and made a part hereof.

34.     In the alternative and pursuant to Pennsylvania Rule of Civil Procedure 1020(d), the conduct of Defendant, **WALT DISNEY PARKS AND RESORTS, LLC,** described in the foregoing paragraphs of this complaint as set forth above was intentional and/or reckless and outrageous and put Plaintiff, **APRIL MAGOLON**, in fear of imminent bodily injury and humiliation causing severe emotional distress.

35.     As a result of the aforesaid, Plaintiff, **APRIL MAGOLON**, has suffered injuries and damages as set forth length in the preceding paragraphs.

Case ID: 091203320

**WHEREFORE**, Plaintiff, **APRIL MAGOLON,** demands damages of the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interest, and other damages permitted by law.

**PANSINI & MEZROW**

BY: /S/ MICHAEL O. PANSINI
   MICHAEL O. PANSINI, ESQUIRE
   **Attorney for Plaintiffs**

**DATED: July 14, 2010**

Case ID: 091203320

## VERIFICATION

I, April Magolon, state that I am the within named Plaintiff and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*April Magolon*

**APRIL MAGOLON**

DATED: 7-14-10

Case ID: 091203320