IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL MAGOLON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALT DISNEY PARKS AND RESORTS, LLC | : | NO. 10-3937 |

**MEMORANDUM**

**Padova, J.**                                                                                                      **December 29, 2010**

      Plaintiff April Magolon filed this action after an individual dressed up as Donald Duck at Epcot Center in Florida allegedly touched her inappropriately. Defendant Walt Disney Parks and Resorts, LLC, now known as Disney Destinations, LLC ("Disney Destinations"), has filed a Motion to Dismiss or, Alternatively, Transfer. For the following reasons, we deny the Motion in its entirety.

**I.     BACKGROUND**

      Magolon alleges in the Complaint that, on May 20, 2008, she was an invitee and guest on the premises of Epcot Center in Florida. (Compl. ¶ 5.) Plaintiff was accompanied by her young children and fiancé. (Id. ¶ 6.) While holding one of her children in her arms, Magolon approached an individual dressed in a Donald Duck costume (hereinafter "Donald Duck") in order to obtain an autograph. (Id. ¶ 7.) Donald Duck grabbed Magolon's breast and then made a joke, which indicated that he had done something wrong. (Id. ¶ 8.) The Complaint alleges that, as a result of this incident, Magolon has suffered severe physical injury, as well as emotional anguish and distress, and has had to seek medical attention. (Id. ¶¶ 17-18.)

      According to the Complaint, Defendant Disney Destinations owns, operates, manages, controls, and/or supervises Epcot Center's premises and facilities. (Id. ¶ 5.) In addition, the Complaint alleges that Disney Destinations "employed, trained, managed, serviced, controlled and

supervised" Donald Duck. (Id. ¶ 3; see also id. ¶ 7 (identifying Donald Duck as "one of [Disney Destinations'] agents, servants, workmen and/or employees"); id. ¶ 8 (same).) The Complaint alleges that Disney Destinations is, in turn, an agent of Walt Disney World Co. ("Disney Co.") and Walt Disney Parks and Resorts, U.S., Inc. ("WDPR"), neither of which is named as a defendant in this action. (Id. ¶ 4.)

Magolon asserts four claims against Disney Destinations: negligence, negligent infliction of emotional distress, battery, and intentional/reckless infliction of emotional distress. She clarified at a court conference on November 2, 2010, that she will proceed on two alternative theories: either Donald Duck acted negligently, in which case she will seek to hold Disney Destinations liable on a theory of respondeat superior, or Donald Duck acted intentionally, in which case she will seek to hold Disney Destinations liable based on a negligent hiring/negligent supervision theory. With respect to this latter theory, the Complaint alleges that the incident between Magolon and Donald Duck is one of a "long line of continuing, longstanding, similar prior incidents" involving Disney Destinations' employees at Disney Destinations' resorts, which Disney Destinations has failed to address, choosing to elevate its corporate profits over public safety. (Id. ¶¶ 9, 15-16.)

## II.   DISCUSSION

### A.   Motion to Dismiss

Disney Destinations has moved to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a district court must "'accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff,'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)), and must accept as true all reasonable

inferences that can be drawn from the facts alleged in the complaint. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Disney Destinations argues that we should dismiss Magolon's claims against it because she has erroneously alleged that Disney Destinations "owned, operated, managed, controlled, and/or supervised" Epcot Center and employed Donald Duck. According to a certification that Disney Destinations has submitted in connection with its Motion, WDPR, not Disney Destinations, has at all relevant times owned, managed and controlled Epcot Center and employed Donald Duck. (Certif. of Scott Justice at ¶¶ 3, 5.) However, under Rule 12(b)(6), we must accept the factual allegations of the Complaint as true, Phillips, 515 F.3d at 233, and may only consider very limited categories of documents outside of the Complaint, none of which are implicated here. See Mayer v. Belichick 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." (citation omitted)). Indeed, Disney Destinations has identified no authority that would permit us, in ruling on its motion, to consider the certification that it has submitted. We also observe that the certification has not deterred Magolon. Rather, she maintains in her Memorandum in response to

Disney Destinations' Motion, just as she asserted in her Complaint, that Disney Destinations, not another Disney entity, owns and runs Epcot Center and employed Donald Duck.[1]  In any event, we accept the allegations in the Complaint as true and conclude that they are sufficient to withstand Disney Destinations' Rule 12(b)(6) motion.  We therefore deny Disney Destinations' Motion to Dismiss.

**B.  Motion to Transfer**

In the alternative, Disney Destinations has moved to transfer this case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The Court of Appeals for the Third Circuit has set forth a number of private and public factors that a court may consider in evaluating a motion to transfer.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).  The private factors include: (1) the plaintiff's choice of venue; (2) the defendant's preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the forums; and (6) the extent to which books and records would not be produced in one of the forums. Id. (citations omitted).  The public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the

---

[1] We offered Plaintiff the opportunity to conduct discovery in order to ascertain whether she had named the proper defendant in this case, but she declined to do so.  At this early stage of the litigation, we simply must trust that Plaintiff has a good faith basis on which to assert that Disney Destinations itself employed and trained Donald Duck and owns, operates, manages, controls, and/or supervises Epcot Center, in spite of the submitted certification, which states otherwise.

controversy; and (5) the public policies of the forums. Id. (citations omitted). The burden of establishing the propriety of a proposed transfer lies with the moving party, and the plaintiff's choice of forum is entitled to substantial deference and "should not be lightly disturbed." Id. (quotation and citations omitted). In the end, whether to transfer an action pursuant to § 1404(a) lies within the court's sound discretion. See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989).

Disney Destinations essentially argues that we should transfer the case to the Middle District of Florida because Plaintiff's claims arose there, Disney Destinations prefers that venue, Florida has a greater interest in the subject matter of the case, and Florida law will likely apply. However, we will not disturb Plaintiff's choice of forum based on these considerations alone, when other factors weigh in favor of keeping the case in the Eastern District of Pennsylvania. As Plaintiff notes, she, her fiancé (who was a witness to the alleged assault), and her treating doctors are all located in Pennsylvania. Moreover, Disney Destinations' resources greatly exceed those of Plaintiff, making it more feasible for Disney Destinations to litigate this case in Pennsylvania than it would be for Plaintiff to litigate her claims in Florida. In addition, Disney Destinations has identified no books or records that could not be produced in Pennsylvania. Moreover, with respect to the availability of witnesses, Disney Destinations argues only that WDPR and its employees will not be available for trial in Pennsylvania. While we do not disregard this concern regarding WDPR, in light of the way that Plaintiff has framed her claims, it is not immediately apparent that WDPR or its employees will be necessary witnesses.[2] In the end, we conclude that Disney Destinations has not met its burden

---

[2]We are not at all certain as to the role of WDPR in this case, if any. While Disney Destinations asserts that WDPR employed Donald Duck and ran Epcot Center, Magolon bases her claims against Disney Destinations on contrary factual allegations, i.e., that Disney Destinations

of establishing the propriety of the proposed transfer. We therefore exercise our discretion in such matters and decline to transfer the case to the Middle District of Florida at this time.

**III.    CONCLUSION**

For the foregoing reasons, we deny Defendant's Motion in its entirety. An appropriate order follows

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

employed Donald Duck and ran Epcot Center. At the same time, Magolon suggests in her Memorandum that she will seek to hold Disney Destinations liable for the conduct of WDPR and Disney Co., under the theory that Disney Destination was an agent of WDPR and Disney Co. (Pl. Mem. at 9 ("Plaintiff believes that the evidence in this case will establish that the Defendant was either directly liable, under *respondeat superior*, or acted as the agent (actual, apparent or ostensible), of Walt Disney Co. and/or [WDPR].").) The law that Magolon cites in support of this approach, however, is law that permits a principal to be held liable for its agent's actions, not law that permits an agent (Disney Destinations) to be liable for the actions of its principal (Disney Co. and/or WDPR). (See id. at 9-12 (citing, e.g., Loyle v. Hertz Corp., 940 A.2d 4012 (Pa. Super. Ct. 2007).) Moreover, the Complaint does not contain a single factual allegation concerning WDPR or Disney Co., much less factual allegations that plausibly suggest that WDPR or Disney Co. were involved with the acts and omissions that give rise to Magolon's claims in this action. Under these circumstances, we are far from certain that WDPR or its employees are necessary witnesses in this case, much less that their testimony will be necessary at trial.